DONALD H. HELLER, SBN 55717
DONALD H. HELLER,
A Law Corporation
3638 American River Drive
Sacramento, CA 95864
Telephone: (916) 974-3500
Facsimile: (916) 520-3497
E-Mail: dheller@donaldhellerlaw.com

Attorneys for Defendant
Jorge Eguiluz

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>v.<br><br>JORGE EGUILUZ,<br><br>                 Defendants. | CASE NO. 2:17-CR-053 JAM<br><br>STIPULATION TO CONTINUE TRIAL AND TRIAL CONFIRMATION HEARING; EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: January 18, 2019<br>TIME: 9:15 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

Plaintiff, United States of America is represented by Assistant United States Attorney Kevin C. Khasigian, and defendant Jorge Eguiluz is represented by Donald H. Heller. The parties hereto stipulate as follows:

1. The defendant Jorge Eguiluz entered not guilty pleas and on July 10, 2018, in open court before the Honorable John A. Mendez, United States District Judge, the case was scheduled for a jury trial for February 25, 2019 at 9:00AM and a Trial Confirmation Hearing on January 21, 2019 at 9:15 AM.

**BASIS FOR CONTINUANCE**
(Factual averments are those of Mr. Heller)

2. Mr. Heller and Mr. Khasigian have had multiple good faith discussions as to resolving this matter on the telephone, and a lengthy meeting in person at the United States attorney's office with supervising Assistant United States Attorney Matthew Segal and the case agent, Special Agent

STIPULATION AND PROPOSED ORDER TO CONTINUE TRIAL.

1

Christopher Phillips of the FBI, before the end of 2018. Discussions continued into this year and very recently on December 14, 2018, I received additional written discovery consisting of 24 pages from the government which was accompanied by a comment to me by Mr. Khasigian that there was an additional report being prepared that he (Mr. Khasigian) believed important to review. Up and until the recent discovery was provided, it was the defendant's position that a trial was necessary.

3. I received the second report on January 14, 2019, consisting of 5 pages which triggered further discussion with Mr. Khasigian and a need to meet with my client to discuss the discovery and the effect of that discovery on this case.

4. Throughout the majority of my representation of Mr. Eguiluz in this matter, I have had the benefit of the assistance of an office paralegal at the Matheny Sears firm where I was and am of counsel. The paralegal was fluent in Spanish. Mr. Eguiluz's primary language is Spanish.

5. Although Mr. Eguiluz was born in the United States and a United States citizen, he and his parents moved to Mexico when he was 3 months and he grew up in Mexico. Spanish is his primary language. Mr. Eguiluz can converse in English. In the course of my representation of Mr. Eguiluz, I realized that it was necessary to use an interpreter for any significant matters and to translate multiple items of discovery to him in Spanish through my paralegal. My paralegal is no longer working at the Matheny Sears office in Sacramento.

6. At the end of last year, I arranged to bring George Acero, Esquire, on board in this matter to assist. Mr. Acero is an exceptional lawyer, and a person fluent in Spanish. While his background is civil, I have known him since 2005 and have opposed him in court. At the time of engagement, his role was going to address in cross examination the translator of a digital recording. Unfortunately, Mr. Acero has been stricken with the flu and is in the process of recovering. Mr. Acero and I had plans to meet in trial preparation on January 15, 2019, and his illness postponed the meeting. But, fluidity in criminal defense practice has brought into play a new and perhaps overarching matter. A new and very attractive plea proposal by Mr. Khasigian made this week.

7. Mr. Khasigian new plea proposal will resolve this case without trial if it is accepted. To fulfill my obligation as Mr. Eguiluz's attorney, I need to present the proposal to Mr. Eguiluz with clarity in both English and Spanish. Mr. Acero's illness has prevented that from occurring. A TCH has long

been set, however, there is a new factor, based on open and continuing discussion with Mr. Khasigian that triggered consideration of a new plea proposal thwarted by the illness of Mr. Acero. As was trial preparation which was the original purpose of engaging Mr. Acero; particularly, preparation for the defendant's testimony at trial, if the defendant decided to testify, a decision which would be made at the end of the government's case.

8. While I have my personal medical issues in the past year, one's completely resolved and the newest one is a herniated disk with a large protrusion at compressing the L-2 nerve root between L-2 and L-3 on my left side. The freak incident that cause the injury occurred on November 13, 2018, and I have been conservatively managed by two physicians with the hope of avoid surgery. My condition has improved, and my only limitation is as to lifting as my body slowly heals by the resorption of the disk material which has compressed the nerve and the disk scars over. Alone my back condition will not prohibit my trying this case. However, the delay, but in allowing my client to fully understand the new proposed plea offer as juxtaposed to trial on the pending indictment prior to the Trial Confirmation Hearing, is the most significant reason to continue the trial.

9. Mr. Heller contacted Harry Vine and obtained the following dates for a continuance of trial and trial confirmation hearing: Jury Trial on April 29, 2019 at 9:00AM and Trial Confirmation Hearing on February 26, 2019 at 9:15AM.

10. The parties agree that time should be excluded under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from the date of entry of this order to April 29, 2019, inclusive, be deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the Defendant's request, concurred in by the Government through counsel, on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

11. The parties agree and stipulate, and request that the Court find the following:

    a) This is a complex case with more than 19,000 pages of discovery. The Government has made a new plea offer to the defendant and because of the illness of one of the defendant's lawyers, which presents the inability to have fully explained to the defendant the full

ramifications of the plea offer as juxtaposed to a trial on the indictment prior to the currently scheduled trial confirmation hearing on January 21, 2019.

  b) The change in events brought about the government's trial preparation which resulted in the discovery of additional statements, which triggered further settlement discussions was a happenstance of the fluidity of federal criminal practice; events that has resulted in basis for a continuance to allow the defendant to make an informed decision with the advice of counsel. The latter has been delayed by the illness of one of defendant's lawyers.

  c) Additionally, continued trial preparation which was the original purpose of engaging Mr. Acero; particularly, preparation for the defendant's testimony at trial, if the defendant decided to testify, a decision which would be made at the end of the government's case was thwarted by Mr. Acero's illness.

  d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  e) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 18, 2019 to April 29, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the Defendant's request concurred in by the Government as stated in the stipulation and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

  IT IS SO STIPULATED.

| | |
|---|---|
| Dated: January 18, 2019 | MCGREGOR W. SCOTT<br>United States Attorney<br><br>/s/ KEVIN C. KHASIGIAN<br>KEVIN C. KHASIGIAN<br>(authorized via email on January 18, 2019) Assistant United States Attorney |
| Dated: January 18, 2019 | /s/ Donald H. Heller<br>DONALD H. HELLER, ESQ.<br>Counsel for Defendant<br>JORGE EGUILUZ |

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 22nd day of January, 2019.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE